## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Alfred Seiple

**DEFENDANTS**
Progressive Northern Insurance Company

**(b)** County of Residence of First Listed Plaintiff   Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Cuyahoga, OH
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
See attached

Attorneys *(If Known)*
See attached

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(a)(1), 28 U.S.C. § 1441(a)
Brief description of cause:
Notice of Removal

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ In excess of 200,000, and declaratory relief
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
04/08/2013

SIGNATURE OF ATTORNEY OF RECORD
*G. F. McKnight IV*

FOR OFFICE USE ONLY

JS 44 Reverse (Rev. 12/12)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## Attachment to Civil Cover Sheet

### Counsel for Plaintiffs:

Vincent D. Margiotti
McMenamin & Margiotti, LLC
2307 N. Broad Street
P.O. Box 180
Lansdale, PA 19446
(215) 822-1888

James D. Haggerty
Haggerty, Goldberg, Schleifer & Kupersmith, P.C.
1835 Market Street, Suite 2700
Philadelphia, PA 19103
(267) 350-6600

### Counsel for Defendant:

Michael R. Nelson
G. Franklin McKnight
Nelson Levine de Luca & Hamilton, LLC
518 Township Line Road, Suite 300
Blue Bell, PA 19422

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| |
|---|
| **ALFRED SEIPLE** |
| **Plaintiff** |
| **v.** |
| |
| **PROGRESSIVE NORTHERN INSURANCE** |
| **COMPANY** |
| **Defendant** |

**Civil Action No:**

### NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Defendant, Progressive Northern Insurance Company (hereinafter "Progressive"), by and through its undersigned counsel, Nelson Levine de Luca & Hamilton, LLC, files this Notice of Removal of the above-captioned matter from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania, and in support thereof, avers as follows:

1.     This action relates to a motorcycle insurance claim under an insurance policy that Plaintiff alleges was issued by Progressive.

2.     On or about March 15, 2013, Plaintiff commenced this litigation through a Complaint in the Court of Common Pleas of Philadelphia County and docketed at March Term, 2013, No. 2190. A true and correct copy of the Complaint is attached hereto as Exhibit "A".

3.     Plaintiff's Affidavit of Service states that Progressive first received a copy of the Complaint on March 18, 2013.

4.     The Complaint alleges the following causes of action against Progressive:  (1) declaratory relief (Count One); (2) breach of contract (Count Two); (3) appointment of special master (Count Three); (4) violation of 42 Pa. C.S.A. § 8371 (Count Four); (5) breach of fiduciary

duty (Count Five); (6) common law bad faith (Count Six); and (7) violation of Consumer Protection Law (Count Seven). *See* Exhibit "A."

5.    The United States District Courts hold original jurisdiction of, *inter alia*, all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and which are between citizens of different states. 28 U.S.C. § 1332(a)(1).

6.    Any civil action brought in a state court of which the District Courts of the United States have original jurisdiction may be removed by the defendant to the District Court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

7.    Defendant, Progressive, seeks to exercise its rights under the provisions of 28 U.S.C. § 1441 *et seq.*, to remove this action from the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania, in which said action is now pending, to the United States District Court for the Eastern District of Pennsylvania, which embraces Philadelphia County.

8.    Count Two of Plaintiff's Complaint (breach of contract) seeks recovery of $200,000.00 in underinsured motorist benefits under the subject insurance policy purportedly issued by Progressive to Plaintiff. *See* Exhibit "A," ¶ 161.

9.    Count Four of Plaintiff's Complaint (violation of 42 Pa. C.S.A. § 8371) seeks damages, including actual damages, consequential damages, interest, attorney's fees, costs, and punitive damages. *See* Exhibit "A," ¶¶ 184-187.

10.    Count Five of Plaintiff's Complaint (breach of fiduciary duty) seeks damages, including actual damages, consequential damages, and punitive damages. *See* Exhibit "A," ¶¶ 191-194.

11.     Count Six of Plaintiff's Complaint (common law bad faith) seeks damages, including actual damages, consequential damages, and punitive damages. *See* Exhibit "A," ¶¶ 191-194.

12.     Count Seven of Plaintiff's Complaint (violation of consumer protection law) seeks damages, including actual damages, treble damages, interest, counsel fees, and costs. *See* Exhibit "A," ¶¶ 206-209.

13.     By making a demand for compensatory damages totaling $200,000.00, plus treble damages, consequential damages, punitive damages, interest, counsel fees, and costs, Plaintiff's Complaint alleges damages in excess of the jurisdictional minimum set forth in 28 U.S.C. § 1332(a)(1).

14.     At the time the Complaint was filed and continuing to the present, Plaintiff, Alfred Seiple, was an adult individual citizen of the Commonwealth of Pennsylvania residing at 1024 Ingrams Way, Telford, Pennsylvania 18969.

15.     At the time the Complaint was filed and continuing to the present, Defendant, Progressive, has been a corporation organized and existing under the laws of Wisconsin with its principal place of business located at 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

16.     Plaintiff and Defendant are citizens of different states under 28 U.S.C. § 1332(a)(1).

17.     Therefore, this action is removable from the Court of Common Pleas of Philadelphia County, Commonwealth of Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a) because the citizenship of the parties is diverse and the amount in controversy, exclusive of interests and costs, is in excess of $75,000.

18.     This Notice of Removal is being timely filed within thirty (30) days of service of Plaintiff's Complaint.

19.     Written notice of the filing of this Notice of Removal will be sent forthwith to counsel of record for Plaintiff: Vincent D. Margiotti, Esquire, and James C. Haggerty, Esquire.

20.     A true and correct copy of this Notice of Removal will be filed with the Office of the Prothonotary, Court of Common Pleas, Philadelphia County, Commonwealth of Pennsylvania.

21.     The undersigned represents Defendant, Progressive, in this action, which consents to this removal.  There are no other defendants whose consent must be obtained relative to the same.

**WHEREFORE,** for the reasons set forth above, Defendant, Progressive Northern Insurance Company, hereby removes this action from the Court of Common Pleas, Philadelphia County, Commonwealth of Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

**NELSON LEVINE de LUCA & HAMILTON, LLC**

BY: _G. F. McKnight IV_____
MICHAEL R. NELSON, ESQUIRE
Pennsylvania Bar No. 65679
G. FRANKLIN MCKNIGHT, ESQUIRE
Pennsylvania Bar No. 85701
518 Township Line Road, Suite 300
Blue Bell, PA 19422
215-358-5100
215-358-5101 (fax)
mnelson@nldhlaw.com
fmcknight@nldhlaw.com
Attorneys for Defendant Progressive Northern
Insurance Company

Dated: 4/8/2013

4

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**ALFRED SEIPLE**
        **Plaintiff**

    **v.**

**PROGRESSIVE NORTHERN INSURANCE COMPANY**
        **Defendant**

**Civil Action No:**

### CERTIFICATE OF SERVICE

I, G. Frank McKnight, Esquire, hereby certify that a true and correct copy of Defendant Progressive Northern Insurance Company's Notice of Removal was served on April 8, 2013, upon counsel listed below by United States Mail, postage prepaid.

Vincent D. Margiotti
McMenamin & Margiotti, LLC
2307 N. Broad Street
P.O. Box 180
Lansdale, PA 19446

James D. Haggerty
Haggerty, Goldberg, Schleifer & Kupersmith, P.C.
1835 Market Street, Suite 2700
Philadelphia, PA 19103

**NELSON LEVINE de LUCA & HAMILTON, LLC**

BY: _G. F. McKnight IV_
    G. FRANKLIN MCKNIGHT, ESQUIRE
    Attorney for Defendant Progressive Northern
    Insurance Company

# EXHIBIT A

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

ALFRED SEIPLE
1024 Ingrams Way
Telford, PA 18969

         vs.

PROGRESSIVE NORTHERN INSURANCE
COMPANY
6300 Wilson Mills Road
Mayfield Village, Ohio 44143

          :     TERM, 2013

          : NO.

*Filed and Attested by
PROTHONOTARY
15 MAR 2013 03:45 pm
S. GARRETT*

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demando a usted en la corte.  Si usted quiere defenderse de estas demandos expuestas en las páginas sigiuentes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en corte suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder diner or sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCIÓN SE ENCUENTRA ESCRITO ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE One Reading Center Philadelphia, Pennsylvania 19107 Telephone: 215-238-1701 | ASOCIACIÓN DE LA LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL One Reading Center Filadelfia, Pennsylvania 19107 Teléfono: 215-238-1701 |

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY

ALFRED SEIPLE                          :          TERM, 2013
1024 Ingrams Way                       :
Telford, PA 18969                      :
                                       :
          vs.                          : NO.
                                       :
PROGRESSIVE NORTHERN INSURANCE         :
COMPANY                                :
6300 Wilson Mills Road                 :
Mayfield Village, Ohio  44143          :


## CIVIL ACTION –COMPLAINT

### Parties

1.      The plaintiff, Alfred Seiple, is an adult individual citizen of the Commonwealth of

Pennsylvania residing at 1024 Ingrams Way, Telford, Pennsylvania 18969.

2.      The defendant, Progressive Northern Insurance Company ("Progressive"), is a

corporation organized and existing under the laws of the State of Ohio, being duly authorized to and

conducting business in the Commonwealth of Pennsylvania with a principal place of business

located at 6300 Wilson Mills Road, Mayfield Village, Ohio  44143.

3.      The defendant, Progressive, regularly and routinely conducts business in the

Commonwealth of Pennsylvania, particularly in the city and county of Philadelphia.

### Insurance – Provision of UIM Coverage

4.      The present action arises from a May 13, 2012 motor vehicle accident and the

underinsured motorist ("UIM") claims related thereto.

5.      At all times material hereto, there existed, in full force and effect, a Motorcycle

Policy (No. 85636994-0) issued by the defendant, Progressive, to the plaintiff, Alfred Seiple, 1024

Ingrams Way, Telford, Pennsylvania 18969.

6.     The Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple,  in effect at the time of the May 13, 2012 motor vehicle accident provided coverage in accordance with the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.   A true and correct copy of the Declarations Pages are attached hereto as Exhibit "A".

7.     The policy of insurance issued by the defendant, Progressive, to the plaintiff, Alfred Seiple, provided, *inter alia*, $50,000.00/$100,000.00 in liability coverage at the time of the May 13, 2012 motor vehicle accident.  See Exhibit "A".

8.     The Declarations Pages for the Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple, in effect at the time of the accident lists "Rejected" on the line next to the Underinsured Motorists coverage.  See Exhibit "A".

9.     The defendant, Progressive, has been unable to produce any signed Rejection of Underinsured Motorist Coverage as required by § 1731 of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1731.

10.    The defendant, Progressive, has agreed to provide  $50,000.00/$100,000.00 in underinsured motorist coverage under the Motorcycle Policy since it is unable to produce any Rejection of Underinsured Motorist Coverage.

11.    By letter dated September 13, 2012, Jane Kennedy of the defendant, Progressive, wrote to counsel for the plaintiff, Alfred Seiple, confirming that the defendant, Progressive, would provide underinsured motorist coverage in an amount equal to the limits of the liability coverage under the policy in question, and stated in part:

> In an attempt to obtain the underwriting documents we have found that we are not in possession of the rejection of UIM coverage forms that are required.  We do have the rejection of stacking forms however we do not have the rejection of UIM coverage.  Thus, we will be providing underinsured motorist coverage equal to the

Case ID: 130302190

amount of bodily injury limits of $50,000.00.

A true and correct copy of the September 13, 2012 letter from Jane Kennedy to counsel for the plaintiff, Alfred Seiple, is attached hereto and marked Exhibit "B".

### Insurance – Stacking of UIM Coverage

12.     The Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple, was originally issued for the policy period December 21, 2009 to December 21, 2010.

13.     At the time of its original issuance, the Motorcycle Policy provided unstacked underinsured motorist coverage for one vehicle, a 2009 H-D VRSCF (VIN: 1HG1HPH 129K801354).   A true and correct copy of the Declarations Pages for the original issuance of the policy are attached hereto and marked Exhibit "C".

14.     On December 21, 2009, at the time of the inception of the Motorcycle Policy, the plaintiff, Alfred Seiple, signed a Waiver of Stacking of underinsured motorist coverage limits.  A true and correct copy of the Underinsured Motorist Coverage Stacking Waiver is attached hereto and marked Exhibit "D".

15.     On   November   24,   2010,   a   2010   Triumph   Speed   Triple   (VIN: SMT500PK8AT418241) was added on November 24, 2010 by endorsement to the Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple.  A true and correct copy of the Declarations Pages confirming the addition of the vehicle is attached hereto and marked Exhibit "E".

16.     The plaintiff, Alfred Seiple, was not asked to and did not sign any Waiver of Stacking following the addition of the 2010 Triumph Speed Triple to the Motorcycle Policy.

17.     The Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple, was renewed for the policy period December 1, 2010 through December 21, 2011.  A true

Case ID: 130302190

and correct copy of the Declarations Pages confirming the renewal is attached hereto and marked Exhibit "F".

18.     On June 1, 2011 a 2011 Ducati Diavel (VIN: ZDM 13BLW5BB003060) was added on June 1, 2011 by endorsement to the Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple.   A true and correct copy of the Declarations Pages confirming the addition of the vehicle is attached hereto and marked Exhibit "G".

19.     The plaintiff, Alfred Seiple, was not asked to and did not sign, any Waiver of Stacking following the addition of the 2011 Ducati Diavel to the Motorcycle Policy.

20.     On August 6, 2011, the 2010 Triumph Speed Triple was removed from the motorcycle insurance policy and the 2011 BMW K1300 S (VIN: WB 1050906BZV94173) was added to the Motorcycle Policy. A true and correct copy of the Declarations Pages confirming the addition of this vehicle is attached hereto and marked Exhibit "H".

21.     The defendant, Alfred Seiple, was not asked to and did not sign any Waiver of Stacking at the time of the addition of the 2011 BMW K1300 S to the Motorcycle Policy.

22.     On September 1, 2011, a 2009 BMW HP2 Sport (VIN: WB 10468099ZS70085) was added by endorsement to the Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple.   A true and correct copy of the Declarations Pages confirming the addition of this vehicle is attached hereto and marked Exhibit "I".

23.     The defendant, Alfred Seiple, was not asked to and did not sign any Waiver of Stacking following the addition of the 2009 BMW HP2 Sport to the Motorcycle Policy.

24.     The Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple, was renewed for the policy period December 21, 2011 to the December 21, 2012. A true and correct copy of the Declarations Pages confirming this renewal is attached hereto and marked

Case ID: 130302190

Exhibit "J".

25.     At the time of the May 13, 2012 motor vehicle accident, the Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple, provided coverage for four (4) vehicles.

26.     At the time of the May 13, 2012 motor vehicle accident, the plaintiff, Alfred Seiple, was operating the 2011 Ducati Diavel.

27.     On May 14, 2012, the 2011 Ducati Diavel was removed from the Motorcycle Policy.  A true and correct copy of the Declarations Pages confirming the removal of this vehicle from the Motorcycle Policy is attached hereto and marked Exhibit "K".

28.     The defendant, Alfred Seiple, was not asked to and did not sign any Waiver of Stacking at the time of the removal of the 2011 Ducati Diavel from the Motorcycle Policy.

29.     On August 9, 2012, a 2012 H-D FLS Softail S (VIN: 1HD1JRV2XCB051853) was added on August 9, 2012 by endorsement to the Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple.  A true and correct copy of the Declarations Pages confirming the addition of this vehicle to the Motorcycle Policy is attached hereto and marked Exhibit "L".

30.     The defendant, Alfred Seiple, was not asked to and did not sign any Waiver of Stacking at the time of the addition of the 2012 H-D FLS Softail S to the Motorcycle Policy.

31.     At the time the December 21, 2009 Waiver of Stacking was signed, the Motorcycle Policy provided coverage for one vehicle.

32.     At the time of the November 29, 2010 Waiver of Stacking was signed, the Motorcycle Policy provided coverage for two vehicles.

33.     At the time of the May 13, 2012 motor vehicle accident, the Motorcycle Policy

Case ID: 130302190

provided coverage for four vehicles.

34.     Each motorcycle added to the Motorcycle Policy was added to that policy by endorsement and not by way of any After Acquired Vehicle clause.

35.     The failure of the defendant, Progressive, to secure new Waivers of Stacking with the addition of motorcycles to the Motorcycle Policy requires that the defendant, Progressive, make stacked underinsured motorist coverage available to the plaintiff, Alfred Seiple, under the Motorcycle Policy in question for the injuries sustained in the accident.

36.     The defendant, Progressive, has wrongfully, willfully and wantonly refused to provide stacked underinsured motorist coverage to the plaintiff, Alfred Seiple.

37.     Section 1738(a) of the Pennsylvania Motor Vehicle Financial Responsibility Law provides:

> **(a) Limit for each vehicle.**- When more than one vehicle is insured under one or more policies providing uninsured or underinsured motorist coverage, the stated limits for uninsured or underinsured coverage shall apply separately to each vehicle so insured. The limits of coverage available under this subchapter for an insured shall be the sum of the limits for each motor vehicle as to which the injured person is an insured.

75 Pa.C.S.A. § 1738(a).

38.     Section 1738(b) Pennsylvania Motor Vehicle Financial Responsibility Law provides:

> **(b) Waiver.**- Notwithstanding the provisions of subsection (a), a named insured may waive coverage providing stacking or uninsured or underinsured coverage in which case the limits of coverage available under the policy for an insured shall be the stated limits for the motor vehicle as to which the injured person is an insured.

75 Pa.C.S.A. § 1738(b).

39.     Section 1738(c) of the Pennsylvania Motor Vehicle Financial Responsibility Law

Case ID: 130302190

provides:

> **(c) More than one vehicle.**- Each named insured purchasing uninsured or underinsured motorist coverage for more than one vehicle under a policy shall be provided the opportunity to waive the stacked limits of coverage and instead purchase as described coverage as described in subsection (b). The premiums for an insured who exercise such waiver shall be reduced to reflect the different cost of such coverage.

75 Pa.C.S.A. § 1738(c).

40.     The Pennsylvania Courts have held that the addition of a new vehicle to a policy providing unstacked coverage requires that a new Waiver of Stacking be obtained from the named insured in order for the Waiver to be valid.  See Sackett v. Nationwide Mutual Insurance Company ("Sackett I") 919 A.2d 194 (Pa. 2007); Sackett v. Nationwide Mutual Insurance Company ("Sackett II") 940 A.2d 329 (Pa. 2007); Sackett v. Nationwide Mutual Insurance Company ("Sackett III") 4 A.3d 637 (Pa. Super. 2010).

41.     Therefore, in Pennsylvania, the addition of a new vehicle to an existing policy providing unstacked coverage requires that a new Waiver of  Stacking be obtained in order to effectuate a valid waiver of stacking of uninsured and underinsured motorist coverages.

42.     Since the defendant, Progressive, failed to secure additional Waivers of Stacking with the addition of new vehicles to the Motorcycle Policy, the defendant, Progressive, is required to make available stacked underinsured motorist benefits to the plaintiff, Alfred Seiple, under the Motorcycle Policy in question.

43.     The defendant, Progressive, is required to make stacked underinsured motorist coverage of up to $200,000.00 available to the plaintiff, Alfred Seiple, for the four (4) vehicles insured at the time of the accident.

44.     The refusal of the defendant, Progressive, to make stacked underinsured motorist coverage available to the plaintiff, Alfred Seiple, is unlawful, illegal and in wanton and willful

Case ID: 130302190

disregard of the rights of the plaintiff, Alfred Seiple.

### Accident

45.     On May 13, 2012, the plaintiff, Alfred Seiple, was operating a 2011 Ducati Diavel in a northbound direction on Ridge Road in Bedminster Township, Bucks County, Pennsylvania when a vehicle operated by Lucille Krout in a southbound direction on Ridge Road abruptly, and without warning, made a left turn directly into the path of the plaintiff, Alfred Seiple.

46.     The plaintiff, Alfred Seiple, sustained serious and permanent injuries in the May 13, 2012 motor vehicle accident.

47.     The serious and permanent injuries sustained by the plaintiff, Alfred Seiple, were caused by he negligence, carelessness and recklessness of Lucille Krout.

48.     At the time of the May 13, 2012 accident, Lucille Krout negligently, carelessly and recklessly made a left turn directly into the path of the plaintiff, Alfred Seiple.

49.     The negligence, carelessness and recklessness of Lucille Krout consisted of, but was not limited to:

   (a)     failing to keep a proper lookout;

   (b)     failing to keep her vehicle under control;

   (c)     disregarding the rights and safety of the plaintiff, Alfred Seiple;

   (d)     failing to yield the right of way;

   (e)     making an improper and careless turn;

   (f)     turning her vehicle directly into the path of the motorcycle being operated by the plaintiff, Alfred Seiple;

   (g)     making a turn in front of the plaintiff, Alfred Seiple, when it was not safe to do so;

   (h)     operating her vehicle at an improper rate of speed;

Case ID: 130302190

(i)     failing to maintain an assured clear distance;

(j)     violating the rules of the road and the statutes with respect to the operation of motor vehicles in the Commonwealth of Pennsylvania;

(k)     being otherwise negligent, careless or reckless as may be developed more fully during discovery.

50.     The negligence, carelessness and recklessness of Lucille Krout was a cause of the serious, permanent and disabling bodily and personal injuries from which the plaintiff, Alfred Seiple, continues to suffer.

51.     The serious and permanent bodily and personal injuries sustained by the plaintiff, Alfred Seiple, include, but are not limited to:

(a)     Concussion;

(b)     Benign Positional Vertigo;

(c)     Broken Right Wrist;

(d)     Broken Left Thumb;

(e)     Broken Right Leg;

(f)     Broken right ankle;

(g)     Strains, injuries to his head, back, neck, arms and legs;

(h)     Sprains, strains and abrasions to and about this body;

(i)     Severe shock to his nerves and nervous system;

(j)     Neurological injuries and dysfunction;

(k)     Such other bodily and personal injuries as may be determined during the course of treatment.

52.     The defendant, Progressive, is required to make payment of stacked underinsured motorist benefits to the plaintiff, Alfred Seiple, for the injuries caused by Lucille Krout.

Case ID: 130302190

53.     The defendant, Progressive, has breached the terms, agreements, promises and provisions of the Motorcycle and Automobile Policies issued to each member of the class by failing to make payment of stacked underinsured motorist benefits in an amount which is fair and reasonable and compensates his/her for their loss.

54.     The defendant, Progressive, has wantonly, willfully and recklessly breached its contractual obligations to the plaintiff, Alfred Seiple, by failing to make payment of underinsured motorist benefits in a fair and reasonable amount under the policy of insurance issued to Alfred Seiple.

55.     The defendant, Progressive, has wantonly, willfully and recklessly breached its contractual obligations to each member of the class by failing to make payment of underinsured motorist benefits in a fair and reasonable amount under the appropriate policy of insurance.

56.     The plaintiff, Alfred Seiple, is entitled to recover $200,000.00 in underinsured motorist benefits from the defendant, Progressive, under the Motorcycle Policy issued to Alfred Seiple.

57.     Each member of the class is entitled to recover stacked uninsured and/or underinsured motorist benefits to compensate for his/her loss.

## Tort Claim

58.     Following the motor vehicle accident, the plaintiff, Alfred Seiple, made claim upon Lucille Krout and her insurer, the Nationwide Mutual Insurance Company, for  recovery of damages in tort.

59.     Following receipt of the claim for damages in tort, the Nationwide Mutual Insurance Company tendered and paid to the plaintiff, Alfred Seiple, the $50,000.00 limit of liability coverage

Case ID: 130302190

available to Lucille Krout under the Policy insuring the motor vehicle that she was operating.

60.     The tort claims against Lucille Krout were then settled on September 18, 2012, when plaintiff Alfred Seiple executed the Release Agreement requested by Nationwide Insurance Company.

## Underinsured Motorist Claim

61.     The defendant, Progressive, consented to the settlement of the tort claims against Lucille Krout and further agreed that the plaintiff, Alfred Seiple, could institute a timely action for recovery of underinsured motorist benefits within four (4) years of the settlement of the tort action.

62.     The plaintiff, Alfred Seiple, then made timely claim upon the defendant, Progressive, seeking recovery of stacked underinsured motorist benefits under the policy of insurance issued to him.

63.     The defendant, Progressive, refused to make payment of stacked underinsured motorist benefits to the plaintiff, Alfred Seiple, under the motorcycle policy.

64.     The defendant, Progressive, has further refused to acknowledge its obligation to and/or to make payment of stacked underinsured motorist benefits to the plaintiff, Alfred Seiple, in connection with injuries sustained in the May 13, 2012 motor vehicle accident in wanton and willful disregard of his rights.

65.     In refusing to acknowledge its obligation to provide stacked underinsured motorist coverage under the motorcycle policy to the plaintiff, Alfred Seiple, the Claims Representative of the defendant, Progressive, Jane Kennedy, stated in her letter of February 13, 2013:

> Per your request, I have reviewed this matter with counsel. Progressive Northern's belief that stacking does not apply in this claim is based on the Pennsylvania Supreme Court's ruling in Sackett v. Nationwide, 940 A.2d 329 (2007). ("Sackett II")   The Court held that no stacking waivers are needed where coverage is extended via an after-acquired vehicle clause, so long as that clause is not made finite (i.e. time bound) by its terms. Our after-acquired vehicle clause is located on

page 1 of your client's policy contract in the General Definitions section,

No. 1 "Additional motorcycle". As you can see coverage under this section is not time bound, nor are its terms finite. Thus, it is our opinion that this is a valid after-acquired vehicle clause under the law in Sackett II.

In the case law you provided (commonly known as "Sackett II") the Superior Court, while finding that clause as not applicable because of an endorsement, went ahead and analyzed Erie's after-acquired vehicle clause. It found that the clause was time bound, as it only afforded coverage for the after-acquired vehicle for the first 30 days, and thus was finite. This is different from our policy, which does not restrict the coverage period under the after-acquired vehicle clause.

A true and correct copy of the February 13, 2013 letter from Jane Kennedy of the Claims Department of the defendant, Progressive, is attached hereto as Exhibit "N".

66.     The coverage position of the defendant, Progressive, with respect to the unavailability of stacking under the Motorcycle Policy under which new vehicles were added but no new Waivers of Stacking obtained is directly violative of Pennsylvania law and the rulings of the Pennsylvania Courts in the Sackett decisions.

67.     The coverage position of the defendant, Progressive, with respect to the unavailability of stacking under the Motorcycle Policy under which new vehicles were added but no new Waivers of Stacking obtained is wanton, willful and in reckless disregard of the rights of the plaintiff, Alfred Seiple.

68.     The position of the defendant, Progressive, with respect to the unavailability of stacking under the Motorcycle Policy under which new vehicles were added but no new Waivers of Stacking obtained is in bad faith.

## Class Action Allegations

69.     The plaintiff, Alfred Seiple, brings this action individually and on behalf of a

Case ID: 130302190

class of similarly situated persons as a class action pursuant to the Pennsylvania Rules of Civil Procedure.

70.     The defendant, Progressive, has continuously, systematically, wrongfully and wantonly denied and/or failed to acknowledge the availability of stacked uninsured and underinsured motorist coverages under policies issued in accordance with the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. and the Sackett decisions where new vehicles were added to existing unstacked policies but no new Waivers of Stacking were obtained.

71.     The plaintiff, Alfred Seiple, seeks to represent a class of persons injured in motor vehicle accidents from 1990 to the present as a result of the negligence of an uninsured or an underinsured motorist who were insureds under Motorcycle and/or Automobile Policies providing uninsured and/or underinsured motorist coverage in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq. and where: (a) the policy provided unstacked uninsured and/or underinsured coverage; (b) a Waiver of Stacking was obtained from the named insured; (c) new, additional vehicles were added to the policy by endorsement; (d) no new Waivers of Stacking were obtained from the named insured; (e) the defendant, Progressive, refused to provide stacked uninsured and/or underinsured motorist coverage and/or failed to advise the insured of the right to recover stacked benefits; and (f) each member of the class was denied stacked uninsured and/or underinsured motorist benefits in violation of Pennsylvania law.

72.     The plaintiff, Alfred Seiple, reserves the right to amend the definition and/or identify subclasses upon completion of class certification.

73.     It is believed, and therefore averred, that there are potentially hundreds and/or

Case ID: 130302190

thousands of members of the class where the defendant, Progressive, refused to pay and/or failed to acknowledge its obligation to pay stacked uninsured and/or underinsured motorist benefits under Motorcycle and Automobile Policies where no new Waiver of Stacking was obtained despite the fact that additional vehicles were added to the Motorcycle and/or Automobile Policy by endorsement.

74. The members of the class are so numerous that joinder of them is impracticable.

75. Identification of the members of the class can be ascertained in and through discovery of the files and/or computer data base of the defendant, Progressive.

76. A class action is the only practicable means available for the members of the class to pursue the appropriate remedies and receive the necessary underinsured motorist benefits under the policies of insurance in question.

77. A class action is the only practicable means available to prevent the defendant, Progressive, from engaging in the continuous and systematic illegal and unlawful conduct under the Pennsylvania Motor Vehicle Financial Responsibility Law and to remedy the harm created by this illegal and unlawful conduct.

78. The questions of law and fact are common to the members of the class which the plaintiff, Alfred Seiple, seeks to represent.

79. The questions of law and fact common to the members of the class predominate over questions that may affect only individual members.

80. The common questions of law and fact which control this litigation predominate over any individual issues include, but are not limited to:

 (a) Each member of the class suffered injury as a result of the negligence of an uninsured and/or underinsured motorist;

 (b) Each member of the class is eligible to recover uninsured and/or underinsured

Case ID: 130302190

motorist benefits under a Motorcycle and/or Automobile Policy issued by the defendant, Progressive, providing coverage in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §1701 et seq;

(c)     Each policy under which each class member is eligible to recover uninsured and/or underinsured motorist benefits provided unstacked uninsured and/or underinsured motorist benefits on its face;

(d)     Under each policy, new additional vehicles were added to the policy by endorsement but no new Waivers of Stacking were obtained;

(e)     For each member of the class, the defendant, Progressive, has denied and/or failed to acknowledge its obligation to pay stacked uninsured and/or underinsured motorist benefits despite failing to obtain a new Waiver of Stacking with the addition of new vehicles to the Motorcycle and/or Automobile Policy;

(f)     By operation of law, the defendant, Progressive, is required to provide stacked uninsured and/or underinsured motorist coverage under the Motorcycle and/or Automobile Policy where a new vehicle was added to the policy by endorsement but no new stacking waiver was ever obtained prior to the accident;

(g)     Each member of the class is entitled to a declaration that the Motorcycle or Automobile Policy issued by the defendant, Progressive, under which claim has been made does, in fact, provide stacked uninsured and/or underinsured motorist coverage;

(h)     Each member of the class is entitled to recover stacked uninsured and/or underinsured motorist benefits under the Motorcycle and/or Automobile Policy issued by the defendant, Progressive;

(i)     Each member of the class is entitled to adjudication of his or her uninsured and/or underinsured motorist claims before a Special Master appointed to review and evaluate the uninsured and/or underinsured motorist claims and to award benefits as appropriate;

(j)     Each member of the class is entitled to extra-contractual bad faith damages as a result of the wanton, willful, reckless and deceitful conduct of the defendant, Progressive, in refusing to pay and/or refusing to acknowledge its obligation to pay stacked uninsured and/or underinsured motorist benefits.

81.     The plaintiff, Alfred Seiple, is a member of the class that he seeks to represent.

82.     The claims of the plaintiff, Alfred Seiple, is typical of the claims of other

Case ID: 130302190

members of the class which he purports to represent.

83.     The plaintiff, Alfred Seiple, is well qualified to act as class representative.

84.     The plaintiff, Alfred Seiple, will fairly and adequately protect the interests of the members of the class.

85.     The plaintiff, Alfred Seiple, has no interest that is adverse or antagonistic to the interests of the members of the class.

86.     The plaintiff, Alfred Seiple, is committed to prosecuting the class action.

87.     The plaintiff, Alfred Seiple, has retained competent counsel who are experienced in litigation of this nature.

88.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

89.     Joinder of all class matters is impracticable and the likelihood of individual class members prosecuting separate claims is remote due to the fact that the members of the class do not know that they are entitled to uninsured motorist coverage.

90.     The expense and burden of individual litigation makes it unlikely that a substantial member of the class members will individually seek redress for the wrongs done to them.

91.     It is desirable for all concerned to concentrate the litigation in this particular forum for adjudication.

92.     The plaintiff, Alfred Seiple, anticipates no difficulty in the management of this action as a class action.

93.     The class action brought by the plaintiff, Alfred Seiple, is a convenient and proper forum in which to litigate the claim.

Case ID: 130302190

94.     The prosecution of separate actions by individual class members would create the risk of bearing inconsistent determinations that could confront the defendant, Progressive, with incompatible standards of conduct and which could prejudice non-parties to any adjudication or substantially impede their ability to protect their own interests because of the overriding common questions of law and fact involved in the matter.

95.     Prosecution of these claims as a class action will result in an orderly and expeditious administration of the claims and will foster economies of time, effort and expense.

96.     Prosecution of these claims as a class action will contribute to uniformity of decisions concerning the practices of the defendant, Progressive.

## COUNT I
### (Declaratory Relief)

97.     The plaintiff, Alfred Seiple, hereby incorporates by reference the foregoing Paragraphs 1 through 96 of this Complaint as though same were fully set forth herein.

98.     At all times material hereto, there existed, in full force and effect, a Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple.  See Exhibit "A".

99.     The Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple, was originally issued for the policy period December 21, 2009 to December 21, 2010.

100.    At the time of its original issuance, the Motorcycle Policy provided unstacked underinsured motorist coverage for one vehicle, a 2009 H-D VRSCF (VIN: 1HG1HPH 129K801354).  See Exhibit "C".

101.    The plaintiff, Alfred Seiple, signed a Waiver of Stacking of underinsured motorist coverage limits on December 21, 2009 at the time of the inception of the Motorcycle Policy.  See Exhibit "D".

17

102.    The Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple, was renewed for the policy period December 1, 2010 through December 21, 2011.  See Exhibit "G".

103.    On June 1, 2011, a 2011 Ducati Diavel (VIN: ZDM 13BLW5BB003060) was added by endorsement to the Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple.  See Exhibit "H".

104.    The plaintiff, Alfred Seiple, was not asked to, and did not sign, any Waiver of Stacking following the addition of the 2011 Ducati Diavel to the Motorcycle Policy.

105.    On September 1, 2011, a 2009 BMW HP2 Sport (VIN: WB 10468099ZS70085) was added by endorsement to the Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple.  See Exhibit "J".

106.    The defendant, Alfred Seiple, was not asked to and did not sign any Waiver of Stacking following the addition of the 2009 BMW HP2 Sport to the Motorcycle Policy.

107.    The Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple, was renewed for the policy period December 21, 2011 to the December 21, 2012.  A true and correct copy of the Declarations Pages confirming this renewal is attached hereto and marked Exhibit "K".

108.    At the time of the May 13, 2012 motor vehicle accident, the Motorcycle Policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple, provided coverage for four (4) vehicles.

109.    The Pennsylvania Courts have held that the addition of a new vehicle to a policy providing unstacked coverage requires that a new Waiver of Stacking be obtained from the named insured in order for the Waiver to be valid.  See Sackett v. Nationwide Mutual Insurance Company

Case ID: 130302190

("Sackett I") 919 A.2d 194 (Pa. 2007); <u>Sackett v. Nationwide Mutual Insurance Company</u> ("Sackett II") 940 A.2d 329 (Pa. 2007); <u>Sackett v. Nationwide Mutual Insurance Company</u> ("Sackett III") 4 A.3d 637 (Pa. Super. 2010).

110.    Therefore, in Pennsylvania, the addition of a new vehicle to an existing policy providing unstacked coverage requires that a new Waiver of Stacking be obtained in order to effectuate a valid waiver of stacking of uninsured and underinsured motorist coverages.

111.    Since the defendant, Progressive, failed to secure additional Waivers of Stacking with the addition of new vehicles to the Motorcycle Policy, the defendant, Progressive, is required to make available stacked underinsured motorist benefits to the plaintiff, Alfred Seiple, under the Motorcycle Policy in question.

112.    The defendant, Progressive, is required to make stacked underinsured motorist coverage of up to $200,000.00 available to the plaintiff, Alfred Seiple, for the four (4) vehicles insured at the time of the accident.

113.    The refusal of the defendant, Progressive, to make stacked underinsured motorist coverage available to the plaintiff, Alfred Seiple, is unlawful, illegal and in wanton and willful disregard of the rights of the plaintiff, Alfred Seiple.

114.    The addition of a new vehicle to an existing policy by endorsement requires that a new Waiver of Stacking be obtained in order to effectuate a valid waiver of stacking of uninsured and underinsured motorist coverages.

115.    The failure of the defendant, Progressive, to secure new Waivers of Stacking with the addition of motorcycles to the Motorcycle Policy requires that the defendant, Progressive, make stacked underinsured motorist coverage available to the plaintiff, Alfred Seiple, under the Motorcycle Policy in question.

Case ID: 130302190

116.    Since the defendant, Progressive, failed to secure additional Waivers of Stacking with the addition of new vehicles to the Motorcycle Policy, the defendant, Progressive, is required to make available stacked underinsured motorist benefits to the plaintiff, Alfred Seiple, under the Motorcycle Policy in question.

117.    The defendant, Progressive, maintains the position that the plaintiff, Alfred Seiple, is not entitled to recover stacked underinsured motorist benefits under the Motorcycle Policy.

118.    The defendant, Progressive, is required to provide stacked underinsured motorist coverage to the plaintiff, Alfred Seiple, as a result of its failure to secure new waivers of stacking with the addition of new vehicles to the motorcycle policy.

119.    The defendant, Progressive, is required to provide stacked uninsured and/or underinsured motorist coverage to the members of the class as a result of its failure to secure new waivers of stacking with the addition of new vehicles to the Motorcycle and/or Automobile Policy at issue.

120.    The defendant, Progressive, has wrongfully and in violation of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq., refused to make stacked underinsured motorist benefits available to the plaintiff, Alfred Seiple, under the motorcycle policy.

121.    The defendant, Progressive, has wrongfully and in violation of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq., refused to make stacked underinsured motorist benefits available to the members of the class under the motorcycle policy.

122.    The refusal of the defendant, Progressive, to make stacked underinsured motorist

Case ID: 130302190

coverage available to the plaintiff, Alfred Seiple, is in violation of the specific terms of the

Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq., and the

decision of the Pennsylvania Courts in Pennsylvania in <u>Sackett v. Nationwide Mutual Insurance</u>

<u>Company</u> ("Sackett I") 919 A.2d 194 (Pa. 2007); <u>Sackett v. Nationwide Mutual Insurance Company</u>

("Sackett II") 940 A.2d 329 (Pa. 2007); <u>Sackett v. Nationwide Mutual Insurance Company</u>

("Sackett III") 4 A.3d 637 (Pa. Super. 2010).

123.    The refusal of the defendant, Progressive, to make stacked uninsured and/or

underinsured motorist coverage available to the members of the class is in violation of the

specific terms of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §

1701 et seq., and the decision of the Pennsylvania Courts in Pennsylvania in <u>Sackett v.</u>

<u>Nationwide Mutual Insurance Company</u> ("Sackett I") 919 A.2d 194 (Pa. 2007); <u>Sackett v.</u>

<u>Nationwide Mutual Insurance Company</u> ("Sackett II") 940 A.2d 329 (Pa. 2007); <u>Sackett v.</u>

<u>Nationwide Mutual Insurance Company</u> ("Sackett III") 4 A.3d 637 (Pa. Super. 2010).

124.    The defendant, Progressive, has acted wantonly, willfully and in reckless

disregard of the rights of the plaintiff, Alfred Seiple, in refusing to make stacked underinsured

motorist coverage available to him.

125.    The defendant, Progressive, has acted wantonly, willfully and in reckless

disregard of the rights of the members of the class in refusing to make stacked uninsured and/or

underinsured motorist coverage available to each class member.

126.    There is no reasonable basis for the refusal to make stacked or underinsured

motorist coverage available to the plaintiff, Alfred Seiple, under the motorcycle policy in

question.

127.    There is no reasonable basis for the refusal to make stacked uninsured and/or

Case ID: 130302190

underinsured motorist coverage available to the members of the class under the Motorcycle and/or Automobile Policies in question.

128.    The defendant, Progressive, has refused to make stacked underinsured motorist coverage available to the plaintiff, Alfred Seiple, with knowledge that its refusal to do so has no basis in law or in fact.

129.    The defendant, Progressive, has refused to make stacked uninsured and/or underinsured motorist coverage available to the members of the class with knowledge that its refusal to do so has no basis in law or in fact.

130.    The plaintiff, Alfred Seiple, is entitled to a declaration that he is eligible to recover stacked underinsured motorist benefits under the motorcycle policy in question.

131.    Each member of the class is entitled to a declaration that he/she is entitled to recover stacked uninsured and/or underinsured motorist coverage under the Motorcycle or Automobile Policies in question.

132.    The controversy poses an issue for judicial determination under the Declaratory Judgment Act.

133.    The controversy involves substantial rights of the parties to the action.

134.    The controversy poses an issue for judicial determination which is not within the scope of authority of any arbitrator or arbitration panel pursuant to the policy of insurance in question.

135.    A judgment of this Court in this action will serve a useful purpose in clarifying and settling the legal relations at issue between the parties.

136.    A judgment of this Court will determine, terminate and afford relief from the uncertainty and controversy giving rise to this action.

Case ID: 130302190

137.    The plaintiff, Alfred Seiple, and members of the class are entitled to counsel fees as a result of the vexatious and obdurate conduct of the defendant, Progressive.

WHEREFORE, the plaintiff, Alfred Seiple, respectfully requests that the Court enter an Order:

> (a) declaring that the plaintiff, Alfred Seiple, is entitled to recover stacked underinsured motorist benefits under the motorcycle policy issued by the defendant, Progressive Northern Insurance Company, in connection with injuries sustained in the May 13, 2012 motor vehicle accident by reason of its failure to secure a new Waiver of Stacking with the addition of new vehicles to the policy by endorsement;

> (b) declaring that each member of the class is entitled to recover stacked uninsured and/or underinsured motorist coverage under the applicable Motorcycle and/or Automobile Policy by reason of its failure to secure a new stacking Waiver of Stacking with the addition of new vehicles to the policy by endorsement;

> (c) awarding interest, counsel fees and costs; and

> (d) such other relief as the Court deems appropriate.

## COUNT II
### (Breach of Contract)

138.    The plaintiff, Alfred Seiple, hereby incorporates by reference the foregoing Paragraphs 1 through 137 of this Complaint as though same were fully set forth herein.

139.    At all times material hereto, the plaintiff, Alfred Seiple, was the named insured under a motorcycle policy issued by the defendant, Progressive, providing coverage in accordance with the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.

140.    The motorcycle policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple, provides, *inter alia*, $50,000.00/$100,000.00 in liability coverage.

Case ID: 130302190

141.   The defendant, Progressive, is unable to produce a Rejection of Underinsured Motorist Coverage and, therefore, the defendant, Progressive, has agreed to provide $50,000.00/$100,000.00 in underinsured motorist coverage under the motorcycle policy issued to the plaintiff, Alfred Seiple. See Exhibit "B".

142.   The defendant, Progressive, has failed to secure a new Waiver of Stacking with the addition of new vehicles by endorsement to the policy and, therefore, is required to provide stacked underinsured motorist coverage to the plaintiff, Alfred Seiple.

143.   The Motorcycle Policy issued by the defendant, Progressive, to Alfred Seiple, provides that the plaintiff, Alfred Seiple, is entitled to recover underinsured motorist benefits from the operator of an underinsured motor vehicle.

144.   At the time of the May 13, 2012 motor vehicle accident, the plaintiff, Alfred Seiple, sustained injury by reason of the negligence, carelessness and recklessness of Lucille Krout.

145.   The motor vehicle being operated by Lucille Krout was an underinsured motor vehicle as defined by the Motorcycle Policy and the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. § 1701 et seq.

146.   The negligence, carelessness and recklessness of Lucille Krout consisted of, but was not limited to:

        (a)     failing to keep a proper lookout;

        (b)     failing to keep her vehicle under control;

        (c)     disregarding the rights and safety of the plaintiff, Alfred Seiple;

        (d)     failing to yield the right of way;

        (e)     making an improper and careless turn;

        (f)     turning her vehicle directly into the path of the motorcycle being operated by the plaintiff, Alfred Seiple;

Case ID: 130302190

(g)     making a turn in front of the plaintiff, Alfred Seiple, when it was not safe to do so;

(h)     operating her vehicle at an improper rate of speed;

(i)     failing to maintain an assured clear distance;

(j)     violating the rules of the road and the statutes with respect to the operation of motor vehicles in the Commonwealth of Pennsylvania;

(k)     being otherwise negligent, careless or reckless as may be developed more fully during discovery.

147.    The negligence, carelessness and recklessness of Lucille Krout was a cause of the serious, permanent and disabling bodily and personal injuries from which the plaintiff, Alfred Seiple, continues to suffer.

148.    The serious and permanent bodily and personal injuries sustained by the plaintiff, Alfred Seiple, include, but are not limited to:

(a)     Concussion;

(b)     Benign Positional Vertigo;

(c)     Broken Right Wrist;

(d)     Broken Left Thumb;

(e)     Broken Right Leg;

(f)     Broken right ankle;

(g)     Strains, injuries to his head, back, neck, arms and legs;

(h)     Sprains, strains and abrasions to and about this body;

(i)     Severe shock to his nerves and nervous system;

(j)     Neurological injuries and dysfunction;

(k)     Such other bodily and personal injuries as may be determined during the

Case ID: 130302190

course of treatment.

149.   As a result of the negligence, carelessness and recklessness of Lucille Krout, the plaintiff, Alfred Seiple, has sustained a loss of earnings and impairment of earning capacity which is permanent and continuing.

150.   As a result of the negligence, carelessness and recklessness of Lucille Krout, the plaintiff, Alfred Seiple, has suffered and will continue throughout the course of his life to suffer from serious pain, restriction and disability.

151.   As a result of the negligence, carelessness and recklessness of Lucille Krout, the plaintiff, Alfred Seiple, has sustained a serious and permanent cognitive impairment which will continue into the future.

152.   As a result of the negligence, carelessness and recklessness of Lucille Krout, the plaintiff, Alfred Seiple, has sustained a serious impairment adjustment disorder with anxiety and depressed mood which is permanent and will continue into the future.

153.   As a result of the negligence, carelessness and recklessness of Lucille Krout, the plaintiff, Alfred Seiple, will continue to need ongoing medical care, physical therapy, medication and rehabilitation.

154.   The injuries sustained by the plaintiff, Alfred Seiple, in the May 13, 2012 accident are permanent and will continue for the rest of his life.

155.   At the time of the May 13, 2012 motor vehicle accident, the motorcycle policy issued by the defendant, Progressive, to the plaintiff, Alfred Seiple, provided coverage for four (4) motor vehicles.

156.   The plaintiff, Alfred Seiple, is entitled to recover $200,000.00 in underinsured motorist benefits under the policy of insurance issued by the defendant, Progressive, in

Case ID: 130302190

connection with the serious and permanent injuries sustained in the May 13, 2012 motor vehicle accident.

157. The defendant, Progressive, has breached the terms, agreements, promises and provisions of the Motorcycle Policy issued to Alfred Seiple by failing to make payment of stacked underinsured motorist benefits to the plaintiff, Alfred Seiple, in an amount which is fair and reasonable and compensates him for his loss.

158. The defendant, Progressive, has breached the terms, agreements, promises and provisions of the Motorcycle and Automobile Policies issued to each member of the class by failing to make payment of stacked uninsured and/or underinsured motorist benefits in an amount which is fair and reasonable and compensates his/her for their loss.

159. The defendant, Progressive, has wantonly, willfully and recklessly breached its contractual obligations to the plaintiff, Alfred Seiple, by failing to make payment of stacked underinsured motorist benefits in a fair and reasonable amount under the policy of insurance issued to Alfred Seiple.

160. The defendant, Progressive, has wantonly, willfully and recklessly breached its contractual obligations to each member of the class by failing to make payment of stacked uninsured and/or underinsured motorist benefits in a fair and reasonable amount under the appropriate policy of insurance.

161. The plaintiff, Alfred Seiple, is entitled to recover $200,000.00 in underinsured motorist benefits from the defendant, Progressive, under the Motorcycle Policy issued to Alfred Seiple.

162. Each member of the class is entitled to recover stacked uninsured and/or underinsured motorist benefits to compensate for his/her loss.

Case ID: 130302190

WHEREFORE, the plaintiff, Alfred Seiple, respectfully requests that the Court enter an Order:

(a) Awarding stacked underinsured motorist benefits to the plaintiff, Alfred Seiple; and

(b) Awarding stacked uninsured and/or underinsured motorist benefits to each member of the class.

## COUNT III
**(Appointment of Special Master)**

163.     The plaintiffs hereby incorporate the foregoing Paragraphs 1 through 162 of this Complaint as though same were fully set forth herein.

164.     The defendant, Progressive, is required to reform the Motorcycle and/or Automobile Policies under which claim for coverage has been made by the plaintiffs and the members of the class to provide stacked uninsured motorist coverage and/or stacked underinsured motorist coverage in accordance with the requirements of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S.A. §1701 et seq.

165.     The defendant, Progressive, is required to provide notice to the members of the class that stacked uninsured and/or underinsured motorist coverage is available under the Motorcycle and/or Automobile Policies in question.

166.     The defendant, Progressive, is required to advise members of the class that the refusal to provide stacked uninsured and/or underinsured motorist coverage under the Motorcycle and Automobile Policies is wrongful and illegal.

167.     The plaintiff, Alfred Seiple, and members of the class are entitled to recover stacked uninsured motorist benefits and/or underinsured motorist benefits from the defendant, Progressive, under Motorcycle and/or Automobile Policies applicable to them issued by the defendant, Progressive.

Case ID: 130302190

168.    The plaintiff, Alfred Seiple, and members of the class are entitled to coverage for and to recover stacked uninsured and/or underinsured motorist benefits from the defendant, Progressive, caused by the negligence of the uninsured motor vehicle and/or underinsured motor vehicle.

169.    Merely providing notice of the reformation of the policies of insurance of the defendant, Progressive, to provide stacked uninsured and/or underinsured motorist coverage does not properly, fully and fairly protect the interests of the members of the class.

170.    In order to fully and completely protect the interests of the members of the class so as to properly afford the relief necessitated by the wrongful and illegal actions of the defendant, Progressive, the appointment of a Special Master to adjudicate the claims of the members of the class is required and necessary.

171.    The appointment of a Special Master to adjudicate the uninsured motorist claims and/or underinsured motorist claims of the members of the class is the only fair and efficient manner in which to afford the full protection and relief to the members of the class necessitated by the wrongful and illegal actions of the defendant, Progressive.

172.    The appointment of a Special Master to adjudicate the uninsured motorist and underinsured motorist claims of the members of the class is the only fair and efficient manner in which to ensure that the persons whose uninsured motorist claims and/or underinsured motorist claims were wrongfully and illegally denied by the defendant, Progressive, receive the full benefit of the declaration by the Court of the right to recover uninsured motorist and underinsured motorist benefits under the policies of insurance in question.

173.    A Special Master can review each and every one of the uninsured motorist claims and/or underinsured motorist claims of each of the members of the class and assign a fair value

Case ID: 130302190

to the uninsured motorist claims and/or underinsured motorist claims of each of the members of the class.

174. Resolution of the uninsured motorist claims and/or underinsured motorist claims of the members of the class through a Special Master establishes a fair and efficient method by which the uninsured motorist claims and/or underinsured motorist claims of the members of the class can be fully and completely adjudicated under the policies in question, thereby ensuring that the uninsured motorist claims and/or underinsured motorist claims of the members of the class are fully, fairly and promptly addressed.

175. Providing declaratory relief, alone, to the members of the class will not adequately protect the interests of the members of the class in light of the wrongful, illegal, willful and wanton actions of the defendant, Progressive.

WHEREFORE, the plaintiff, Alfred Seiple, and members of a class of similarly situated persons, respectfully request that the Court enter an Order:

(a) appointing a Special Master for the adjudication of the uninsured motorist claims and/or underinsured motorist claims of the individual plaintiff and the members of the class;

(b) ordering the Special Master to establish a process whereby the uninsured motorist claims and/or underinsured motorist claims of the individual plaintiff and the members of the class can be fully, completely and expeditiously adjudicated;

(c) such other relief as the Court deems appropriate.

**COUNT IV**
**(Violation of 42 Pa.C.S.A. § 8371)**

Case ID: 130302190

176.   The plaintiff, Alfred Seiple, hereby incorporates by reference the foregoing Paragraphs 1 through 175 of this Complaint as though same were fully set forth herein.

177.   The Pennsylvania Bad Faith Statute, 42 Pa.C.S.A. § 8371, provides:

> In an action arising under an insurer policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> > (1)   Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> >
> > (2)   Award punitive damages against the insurer.
> >
> > (3)   Assess court costs and attorneys fees against the insurer.

42 Pa.C.S.A. § 8371.

178.   The defendant, Progressive, has acted in bad faith and in violation of 42 Pa.C.S.A. § 8371 in refusing to pay and/or acknowledge its obligation to pay stacked underinsured motorist coverage to the plaintiff, Alfred Seiple.

179.   The defendant, Progressive, has acted in bad faith and in violation of 42 Pa.C.S.A. § 8371 in refusing to pay and/or acknowledge its obligation to pay stacked uninsured and/or underinsured motorist coverage to each member of the class.

180.   The defendant, Progressive, has acted in bad faith in ignoring the law of the Courts of Pennsylvania in Sackett v. Nationwide Mutual Insurance Company ("Sackett I") 919 A.2d 194 (Pa. 2007); Sackett v. Nationwide Mutual Insurance Company ("Sackett II") 940 A.2d 329 (Pa. 2007); Sackett v. Nationwide Mutual Insurance Company ("Sackett III") 4 A.3d 637 (Pa. Super. 2010).

181.   The defendant, Progressive, has acted in bad faith and in violation of 42 Pa.C.S.A. §

Case ID: 130302190

8371 in wantonly, willfully and in reckless disregard of the rights of Alfred Seiple, refusing to acknowledge his right to recover stacked underinsured motorist benefits under the motorcycle policy.

182.   The defendant, Progressive, has acted in bad faith and in violation of 42 Pa.C.S.A. § 8371 in wantonly, willfully and in reckless disregard of the rights of the members of the class refusing to acknowledge his/her right to recover stacked uninsured and/or underinsured motorist benefits under the appropriate policy.

183.   The defendant, Progressive, has further acted in bad faith and in violation of 42 Pa.C.S.A. § 8371 in failing to make payment of a fair and reasonable amount of underinsured motorist benefits to the plaintiff, Alfred Seiple and each member of the class, by, *inter alia*:

(a)   engaging in unfair or deceptive acts or practices;

(b)   failing to acknowledge its obligation to pay stacked underinsured motorist benefits to the plaintiff, Alfred Seiple;

(c)   failing to acknowledge its obligation to pay stacked uninsured and/or underinsured motorist benefits to each member of the class;

(d)   failing to fully, fairly and promptly evaluate the underinsured motorist claims of the plaintiff, Alfred Seiple;

(e)   failing to fully, fairly and promptly evaluate the uninsured and/or underinsured motorist claims of each member of the class;

(f)   failing to offer a fair and reasonable amount of underinsured motorist benefits to the plaintiff, Alfred Seiple, to fully and fairly compensation him for his loss;

(g)   failing to offer a fair and reasonable amount of underinsured motorist benefits to each member of the class to fully and fairly compensation them for their loss;

(h)   failing to effectuate a prompt and fair settlement of the underinsured motorist claims of the plaintiff, Alfred Seiple;

(i)   failing to effectuate a prompt and fair settlement of the uninsured and/or

Case ID: 130302190

underinsured motorist claims of each member of the class;

(j)     failing to properly and fairly resolve the underinsured motorist claim of the plaintiff, Alfred Seiple;

(k)     failing to properly and fairly resolve the uninsured and/or underinsured motorist claim of each member of the class;

(l)     violating the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq.;

(m)     acting in a dilatory and obdurate manner in the handling and defense of the individual and class claims in this litigation, both before and during the pending lawsuit;

(n)     wantonly and willfully disregarding the rights of the plaintiff, Alfred Seiple;

(o)     wantonly and willfully disregarding the rights of each member of the class;

(p)     recklessly disregarding the right of the plaintiff, Alfred Seiple, to recover stacked underinsured motorist benefits;

(q)     wrongfully advising the plaintiff, Alfred Seiple, that he is not entitled to stack underinsured motorist benefits;

(r)     wrongfully advising each member of the class that he/she is not entitled to stack uninsured and/or underinsured motorist benefits;

(s)     recklessly disregarding the rights of each member of the class to recover stacked uninsured and/or underinsured motorist benefits;

(t)     elevating its own interests above those of the plaintiff, Alfred Seiple;

(u)     elevating its own interests above those of each member of the class;

(v)     breaching the duty of good faith and fair dealing;

(w)     breaching the fiduciary duties owed to the plaintiff, Alfred Seiple, and each member of the class;

(x)     violating the statutes and regulations governing the actions and practices of insurers in Pennsylvania;

(y)     violating its own internal policies, procedures, practices and guidelines for the handling of underinsured motorist claims; and

Case ID: 130302190

(z)      such other acts or omissions as may be developed during discovery.

184.    The defendant, Progressive, is liable for payment of interest, fees, costs and punitive damages to the plaintiff, Alfred Seiple, for the bad faith conduct in handling and adjusting his underinsured motorist claim.

185.    The defendant, Progressive, is liable for payment of interest, fees, costs and punitive damages to each member of the class for the bad faith conduct in handling and adjusting their uninsured and/or underinsured motorist claims.

186.    The defendant, Progressive, is liable for payment of all actual damages and consequential damages to the plaintiff, Alfred Seiple, for the wanton, willful and reckless bad faith conduct in handling and refusing to fairly adjust, evaluate and settle the underinsured motorist claims of the plaintiff, Alfred Seiple.

187.    The defendant, Progressive, is liable for payment of all actual damages and consequential damages to each member of the class for the wanton, willful and reckless bad faith conduct in handling and refusing to fairly adjust, evaluate and settle the uninsured and/or underinsured motorist claims of each member of the class.

WHEREFORE, the plaintiff, Alfred Seiple, respectfully requests that the Court enter an Order awarding actual damages, consequential damages, interest, counsel fees, costs and punitive damages to the plaintiff, Alfred Seiple, and each member of the class.

Case ID: 130302190

## COUNT V
### (Breach of Fiduciary Duty)

188.    The plaintiff, Alfred Seiple, hereby incorporates the foregoing Paragraphs 1

through 187 of this Complaint as though same were fully set forth herein.

189.    The defendant, Progressive, owes a fiduciary duty to the plaintiff, Alfred Seiple,

and each member of the class.

190.    The defendant, Progressive, breached its fiduciary duty to the plaintiff, Alfred

Seiple, and each member of the class by, *inter alia*:

(a)    engaging in unfair or deceptive acts or practices;

(b)    failing to acknowledge its obligation to pay stacked underinsured motorist
benefits to the plaintiff, Alfred Seiple;

(c)    failing to acknowledge its obligation to pay stacked uninsured and/or
underinsured motorist benefits to each member of the class;

(d)    failing to fully, fairly and promptly evaluate the underinsured motorist
claims of the plaintiff, Alfred Seiple;

(e)    failing to fully, fairly and promptly evaluate the uninsured and/or
underinsured motorist claims of each member of the class;

(f)    failing to offer a fair and reasonable amount of underinsured motorist
benefits to the plaintiff, Alfred Seiple, to fully and fairly compensation him
for his loss;

(g)    failing to offer a fair and reasonable amount of underinsured motorist
benefits to each member of the class to fully and fairly compensation them
for their loss;

(h)    failing to effectuate a prompt and fair settlement of the underinsured motorist
claims of the plaintiff, Alfred Seiple;

(i)    failing to effectuate a prompt and fair settlement of the uninsured and/or
underinsured motorist claims of each member of the class;

Case ID: 130302190

(j)      failing to properly and fairly resolve the underinsured motorist claim of the plaintiff, Alfred Seiple;

(k)      failing to properly and fairly resolve the uninsured and/or underinsured motorist claim of each member of the class;

(l)       violating the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq.;

(m)     acting in a dilatory and obdurate manner in the handling and defense of the individual and class claims in this litigation, both before and during the pending lawsuit;

(n)      wantonly and willfully disregarding the rights of the plaintiff, Alfred Seiple;

(o)      wantonly and willfully disregarding the rights of each member of the class;

(p)      recklessly disregarding the right of the plaintiff, Alfred Seiple, to recover stacked underinsured motorist benefits;

(q)      wrongfully advising the plaintiff, Alfred Seiple, that he is not entitled to stack underinsured motorist benefits;

(r)       wrongfully advising each member of the class that he/she is not entitled to stack uninsured and/or underinsured motorist benefits;

(s)      recklessly disregarding the rights of each member of the class to recover stacked uninsured and/or underinsured motorist benefits;

(t)       elevating its own interests above those of the plaintiff, Alfred Seiple;

(u)      elevating its own interests above those of each member of the class;

(v)      breaching the duty of good faith and fair dealing;

(w)     breaching the fiduciary duties owed to the plaintiff, Alfred Seiple, and each member of the class;

(x)      violating the statutes and regulations governing the actions and practices of insurers in Pennsylvania;

(y)      violating its own internal policies, procedures, practices and guidelines for the handling of underinsured motorist claims; and

(z)      such other acts or omissions as may be developed during discovery.

Case ID: 130302190

191.    The plaintiff, Alfred Seiple, is entitled to all actual and consequential damages from the defendant, Progressive, by reason of the breach of the fiduciary duty under the Motorcycle Policy issued to Alfred Seiple.

192.    Each member of the class is entitled to all actual and consequential damages from the defendant, Progressive, by reason of the breach of the fiduciary duty under the Motorcycle and/or Automobile Policy issued to each member of the class.

193.    The plaintiff, Alfred Seiple, is entitled to punitive damages against the defendant, Progressive, by reason of the breach of the fiduciary duty under the Motorcycle Policy issued to Alfred Seiple.

194.    Each member of the class is entitled to punitive damages against the defendant, Progressive, by reason of the breach of the fiduciary duty under the Motorcycle and/or Automobile Policy issued to each member of the class.

WHEREFORE, the plaintiff, Alfred Seiple, requests that the Court enter an Order:

(a)    entering judgment in favor of the plaintiff, Alfred Seiple, and against the defendant, Progressive Northern Insurance Company, in the amount of all actual and consequential damages as a result of the breach of the fiduciary duty;

(b)    entering judgment in favor of the plaintiff, Alfred Seiple, and against the defendant, Progressive Northern Insurance Company, for punitive damages as a result of the breach of the fiduciary duty;

(c)    entering judgment in favor of each member of the class and against the defendant, Progressive Northern Insurance Company, in the amount of all actual and consequential damages as a result of the breach of the fiduciary duty;

(d)    entering judgment in favor of each member of the class and against the defendant, Progressive Northern Insurance Company, for punitive damages as a result of the breach of the fiduciary duty;

Case ID: 130302190

(e)     such other relief as the Court deems appropriate.

## COUNT VI
### (Common Law Bad Faith)

195.    The plaintiff, Alfred Seiple, hereby incorporates the foregoing Paragraphs 1 through 194 of this Complaint as though same were fully set forth herein.

196.    The defendant, Progressive, owes a common law duty of good faith and fair dealing to the plaintiff, Alfred Seiple, under the Motorcycle Policy issued to Alfred Seiple.

197.    The defendant, Progressive, owes a common law duty of good faith and fair dealing to each member of the class under the Motorcycle Policy issued to each member of the class.

198.    The defendant, Progressive, breached the common law duty of good faith and fair dealing to the plaintiff, Alfred Seiple, and each member of the class by, *inter alia*:

(a)     engaging in unfair or deceptive acts or practices;

(b)     failing to acknowledge its obligation to pay stacked underinsured motorist benefits to the plaintiff, Alfred Seiple;

(c)     failing to acknowledge its obligation to pay stacked uninsured and/or underinsured motorist benefits to each member of the class;

(d)     failing to fully, fairly and promptly evaluate the underinsured motorist claims of the plaintiff, Alfred Seiple;

(e)     failing to fully, fairly and promptly evaluate the uninsured and/or underinsured motorist claims of each member of the class;

(f)     failing to offer a fair and reasonable amount of underinsured motorist benefits to the plaintiff, Alfred Seiple, to fully and fairly compensation him for his loss;

(g)     failing to offer a fair and reasonable amount of underinsured motorist benefits to each member of the class to fully and fairly compensation them for their loss;

Case ID: 130302190

(h)     failing to effectuate a prompt and fair settlement of the underinsured motorist claims of the plaintiff, Alfred Seiple;

(i)     failing to effectuate a prompt and fair settlement of the uninsured and/or underinsured motorist claims of each member of the class;

(j)     failing to properly and fairly resolve the underinsured motorist claim of the plaintiff, Alfred Seiple;

(k)     failing to properly and fairly resolve the uninsured and/or underinsured motorist claim of each member of the class;

(l)     violating the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq.;

(m)     acting in a dilatory and obdurate manner in the handling and defense of the individual and class claims in this litigation, both before and during the pending lawsuit;

(n)     wantonly and willfully disregarding the rights of the plaintiff, Alfred Seiple;

(o)     wantonly and willfully disregarding the rights of each member of the class;

(p)     recklessly disregarding the right of the plaintiff, Alfred Seiple, to recover stacked underinsured motorist benefits;

(q)     wrongfully advising the plaintiff, Alfred Seiple, that he is not entitled to stack underinsured motorist benefits;

(r)     wrongfully advising each member of the class that he/she is not entitled to stack uninsured and/or underinsured motorist benefits;

(s)     recklessly disregarding the rights of each member of the class to recover stacked uninsured and/or underinsured motorist benefits;

(t)     elevating its own interests above those of the plaintiff, Alfred Seiple;

(u)     elevating its own interests above those of each member of the class;

(v)     breaching the duty of good faith and fair dealing;

(w)     breaching the fiduciary duties owed to the plaintiff, Alfred Seiple, and each member of the class;

(x)     violating the statutes and regulations governing the actions and practices

Case ID: 130302190

of insurers in Pennsylvania;

(y)     violating its own internal policies, procedures, practices and guidelines for the handling of underinsured motorist claims; and

(z)     such other acts or omissions as may be developed during discovery.

199.    The plaintiff, Alfred Seiple, is entitled to all actual and consequential damages from the defendant, Progressive, by reason of the breach of the common law duty of good faith an fair dealing under the Motorcycle Policy issued to Alfred Seiple.

200.    Each member of the class is entitled to all actual and consequential damages from the defendant, Progressive, by reason of the breach of the common law duty of good faith an fair dealing under the Motorcycle and/or Automobile Policy issued to each member of the class.

201.    The plaintiff, Alfred Seiple, is entitled to punitive damages against the defendant, Progressive, by reason of the breach of the common law duty of good faith and fair dealing under the Motorcycle Policy issued to Alfred Seiple.

202.    Each member of the class is entitled to punitive damages against the defendant, Progressive, by reason of the breach of the common law duty of good faith and fair dealing under the Motorcycle and/or Automobile Policy issued to each member of the class.

WHEREFORE, the plaintiff, Alfred Seiple, requests that the Court enter an Order:

(a)     entering judgment in favor of the plaintiff, Alfred Seiple, and against the defendant, Progressive Northern Insurance Company, in the amount of all actual and consequential damages as a result of the breach of the common law duty of good faith and fair dealing;

(b)     entering judgment in favor of the plaintiff, Alfred Seiple, and against the defendant, Progressive Northern Insurance Company, for punitive damages as a result of the breach of the common law duty of good faith and fair dealing;

Case ID: 130302190

(c)     entering judgment in favor of each member of the class and against the defendant, Progressive Northern Insurance Company, in the amount of all actual and consequential damages as a result of the breach of the common law duty of good faith and fair dealing;

(d)     entering judgment in favor of each member of the class and against the defendant, Progressive Northern Insurance Company, for punitive damages as a result of the breach of the common law duty of good faith and fair dealing;

(e)     such other relief as the Court deems appropriate.

## COUNT VII
### (Violation of Consumer Protection Law)

203.    The plaintiff, Alfred Seiple, hereby incorporates the foregoing Paragraphs 1 through 202 of this Complaint as though same were fully set forth herein.

204.    The defendant, Progressive, violated the terms and provisions of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq., by reason of its failure to pay and to acknowledge its obligation to render payment of stacked uninsured and/or underinsured motorist benefits to the plaintiff, Alfred Seiple, and to each member of the class as set forth more fully above.

205.    The defendant, Progressive, violated the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq., by, *inter alia*:

(a)     engaging in unfair or deceptive acts or practices;

(b)     failing to acknowledge its obligation to pay stacked underinsured motorist benefits to the plaintiff, Alfred Seiple;

(c)     failing to acknowledge its obligation to pay stacked uninsured and/or underinsured motorist benefits to each member of the class;

(d)     failing to fully, fairly and promptly evaluate the underinsured motorist claims of the plaintiff, Alfred Seiple;

Case ID: 130302190

(e)     failing to fully, fairly and promptly evaluate the uninsured and/or underinsured motorist claims of each member of the class;

(f)     failing to offer a fair and reasonable amount of underinsured motorist benefits to the plaintiff, Alfred Seiple, to fully and fairly compensation him for his loss;

(g)     failing to offer a fair and reasonable amount of underinsured motorist benefits to each member of the class to fully and fairly compensation them for their loss;

(h)     failing to effectuate a prompt and fair settlement of the underinsured motorist claims of the plaintiff, Alfred Seiple;

(i)     failing to effectuate a prompt and fair settlement of the uninsured and/or underinsured motorist claims of each member of the class;

(j)     failing to properly and fairly resolve the underinsured motorist claim of the plaintiff, Alfred Seiple;

(k)     failing to properly and fairly resolve the uninsured and/or underinsured motorist claim of each member of the class;

(l)     violating the Unfair Insurance Practices Act, 40 P.S. § 1171.1 et seq.;

(m)     acting in a dilatory and obdurate manner in the handling and defense of the individual and class claims in this litigation, both before and during the pending lawsuit;

(n)     wantonly and willfully disregarding the rights of the plaintiff, Alfred Seiple;

(o)     wantonly and willfully disregarding the rights of each member of the class;

(p)     recklessly disregarding the right of the plaintiff, Alfred Seiple, to recover stacked underinsured motorist benefits;

(q)     wrongfully advising the plaintiff, Alfred Seiple, that he is not entitled to stack underinsured motorist benefits;

(r)     wrongfully advising each member of the class that he/she is not entitled to stack uninsured and/or underinsured motorist benefits;

(s)     recklessly disregarding the rights of each member of the class to recover stacked uninsured and/or underinsured motorist benefits;

Case ID: 130302190

(t)     elevating its own interests above those of the plaintiff, Alfred Seiple;

(u)     elevating its own interests above those of each member of the class;

(v)     breaching the duty of good faith and fair dealing;

(w)     breaching the fiduciary duties owed to the plaintiff, Alfred Seiple, and each member of the class;

(x)     violating the statutes and regulations governing the actions and practices of insurers in Pennsylvania;

(y)     misrepresenting facts and law to the plaintiff, Alfred Seiple;

(z)     misrepresenting facts and law to each member of the class;

(aa)    violating its own internal policies, procedures, practices and guidelines for the handling of underinsured motorist claims; and

(bb)    such other acts or omissions as may be developed during discovery.

206.    The defendant, Progressive, is liable for payment of actual damages, interest, fees and costs pursuant to § 201-9.2 of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.2.

207.    The defendant, Progressive, is liable for payment of costs and counsel fees pursuant to § 201-9.2 of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.2.

208.    The defendant, Progressive, is liable for three (3) times the actual damages sustained § 201-9.2 of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-9.2.

209.    The plaintiff, Alfred Seiple, and each member of the class is entitled to recover actual damages, treble damages, interest, fees and costs from the defendant, Progressive, pursuant to § 201-9.2 of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. §

Case ID: 130302190

201-9.2.

WHEREFORE, the plaintiff, Alfred Seiple, requests that the Court enter an Order:

(a)     entering judgment in favor of the plaintiff, Alfred Seiple, and against the defendant, Progressive, for all underinsured motorist benefits, interest, fees, costs;

(b)     entering judgment in favor of the plaintiff, Alfred Seiple, and against the defendant, Progressive, for treble damages;

(c)     entering judgment in favor of the plaintiff, Alfred Seiple, and against the defendant, Progressive, for costs and attorneys fees;

(d)     entering judgment in favor of each member of the class and against the defendant, Progressive, for all uninsured and/or underinsured motorist benefits, interest, fees, costs;

(e)     entering judgment in favor of each member of the class and against the defendant, Progressive, for treble damages;

(f)     entering judgment in favor of each member of the class and against the defendant, Progressive, for costs and attorneys fees;

Case ID: 130302190

(g)     such other relief as the Court deems appropriate.

McMENAMIN  & MARGIOTTI, LLC

Vincent D. Margiotti
Attorney Id. No. 79655
2307 N. Broad Street
P.O. Box 180
Lansdale, PA 19446

HAGGERTY, GOLDBERG, SCHLEIFER
& KUPERSMITH, P.C.

BY:     /s/ James C. Haggerty
JAMES C. HAGGERTY, Esquire
PA Attorney I.D. # 30003
1835 Market Street, Suite 2700
Philadelphia, PA  19103
(267) 350-6600
FAX (215) 665-8197

Attorneys for Plaintiff

Case ID: 130302190

## VERIFICATION

I, Alfred Seiple, make this verification and state that the averments contained herein are true and correct to the best of my knowledge information and belief. This verification is made subject to the penalties of 18 Pa.C.S. §4904 relating to unsworn falsification to authorities.

_____
Alfred Seiple

Filed and Attested by
PROTHONOTARY
15 MAR 2013 03:49 pm
S. GARRETT

# EXHIBIT A

Policy number, 85636994-2
ALFRED F SEIPLE
Page 3 of 4

**2011 BMW K1300 S**   Engine displacement: 1293 cc's
VIN WB1050906BZV94173

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $62 |
|   Bodily Injury Liability | $50,000 each person/$100,000 each accident | | |
|   Property Damage Liability | $25,000 each accident | | |
| Pedestrian First Party Benefits | $5,000 per person | | 2 |
| Uninsured Motorist Bodily Injury | Rejected | | .. |
| Underinsured Motorist Bodily Injury | Rejected | | .. |
| Medical Payments | $1,000 each person | | 43 |
| Comprehensive | Total Loss | $250 | 178 |
|   Includes Disappearing Deductible | | | |
| Collision | Total Loss | $500 | 592 |
|   Includes Disappearing Deductible | | | |
| Accessory Coverage | $3,000 | | included |
| Roadside Assistance | | | 10 |
| Total premium for 2011 BMW | | | **$887** |

**2009 BMW HP2 Sport**   Engine displacement: 1170 cc's
VIN WB10468099ZS70085

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $33 |
|   Bodily Injury Liability | $50,000 each person/$100,000 each accident | | |
|   Property Damage Liability | $25,000 each accident | | |
| Pedestrian First Party Benefits | $5,000 per person | | 2 |
| Uninsured Motorist Bodily Injury | Rejected | | .. |
| Underinsured Motorist Bodily Injury | Rejected | | .. |
| Medical Payments | $1,000 each person | | 22 |
| Comprehensive | Total Loss | $250 | 76 |
|   Includes Disappearing Deductible | | | |
| Collision | Total Loss | $500 | 251 |
|   Includes Disappearing Deductible | | | |
| Accessory Coverage | $3,000 | | included |
| Roadside Assistance | | | 10 |
| Total premium for 2009 BMW | | | **$394** |
| **Total 12 month policy premium** | | | **$2,346** |

**Premium discounts**

| Policy | |
|---|---|
| 85636994-2 | Home Owner, Multi-Vehicle, Transfer, Claim Free Renewal and Prompt Payment |

| Driver | |
|---|---|
| ALFRED F SEIPLE | Safety Course, Motorcycle Endorsement and Responsible Driver |

| Vehicle | |
|---|---|
| 2009 H-D VRSCF V-ROD M | Anti-Theft Device |

**Lienholder information**

| Lienholder: | BMW BANK OF NA |
|---|---|
| | PO BOX 390911 MINNEAPOLIS, MN 55439 |
| | 2011 BMW K1300 S (WB1050906BZV94173) |

Form 6489  PA (02/10)

Case ID: 130302190

## Rejected Coverage

This policy does not provide protection against damages caused by uninsured or underinsured motorists.

## Penalty for insurance fraud

Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and payment of a fine of up to $15,000.

## Important information about Accessories on your motorcycle/off-road vehicle

Coverage for physical damage to your motorcycle/off-road vehicle extends only to the vehicle as it comes from the factory. Accessories added on at the dealership or by an individual, and therefore not provided as original equipment by the manufacturer, are not considered part of the vehicle as delivered from the factory. Comprehensive Coverage and Collision Coverage include $3000 of accessory coverage. Please review the value of the accessories on your vehicle. Should you wish to purchase coverage for more accessories, additional accessory coverage is available

## Deductibles

All physical damage losses, regardless of loss settlement option and whether partial or total, are subject to the applicable deductible. Loss to only accessories will not be subject to a deductible.

## Company officers

President

Secretary

Case ID: 130302190

EXHIBIT B

PROGRESSIVE CLAIMS
5165 CAMPUS DR
SUITE 100
PLYMOUTH MEETING, PA 19462

009347

*PROGRESSIVE*

**Underwritten By:**
**Progressive Northern Insurance**
**Company**

Claim Number:   12-5321906
Loss Date:       May 13, 2012
Document Date: September 13, 2012
Page 1 of 1

MCMENAMIN & MARGIOTTI
VINCENT MARGIOTTI, ESQUIRE
2307 NORTH BROAD STREET
PO BOX 180
LANSDALE, PA 19446

**claims.progressive.com**
Track the status and details of your claim,
e-mail your representative or report a
new claim.

# Claim Information

re: Alfred Seiple

Dear Sir:

As you know I am the claims representative assigned to the above matter.

In an attempt to obtain the underwriting documents we have found that we are not in possession of the rejection of UIM coverage forms that are required. We do have the rejection of stacking forms however we do not have the rejection of the UIM coverage. Thus, we will be providing underinsured motorist coverage equal to the amount of the bodily injury limits of $50,000.00.

In light of this, if you feel your clients injuries rise to the Underinsured Motorist level, please forward the medical documentation of same so that I may evaluate this matter.

Naturally, should you wish to discuss this matter with me please feel free to contact me.

JANE KENNEDY
Claims Department
1-610-567-3656
1-800-PROGRESSIVE (1-800-776-4737)
Fax: 1-610-397-0840
jane_kennedy@progressive.com

Form 2587 XX (01/08) - PA

EXHIBIT C

Case ID: 130302190

THE RANDOLPH INSURAN
1151 S. TROOPER RD B
NORRISTOWN, PA 19403


*PROGRESSIVE*

**Policy number: 85636994-0**
Underwritten by:
Progressive Northern Insurance Co
December 22, 2009
Policy Period: Dec 21, 2009 - Dec 21, 2010
Page 1 of 2

ALFRED F SEIPLE
1024 INGRAMS WAY
TELFORD, PA 18969

**610-635-1128**
**THE RANDOLPH INSURAN**
Contact your agent for personalized service

**progressiveagent.com**
**Online Service**
Make payments, check billing activity, update
policy information or check status of a claim

# Motorcycle Insurance
# Coverage Summary
## This is your Declarations Page

**800-274-4499**
To report a claim

Your coverage began on December 21, 2009 at the later of 12:01 a.m. or the effective time shown on your application. This policy period ends on December 21, 2010 at 12:01 a.m.

Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for a vehicle may not be combined with the limits for the same coverage on another vehicle, unless the policy contract or endorsements indicate otherwise. The policy contract is form 5979 PA (08/08). The contract is modified by form Z246 PA (02/06).

## Underwriting Company

Progressive Northern Insurance Co
P.O. Box 6807
Cleveland, OH 44101
800-876-5581

## Drivers and household residents

ALFRED F SEIPLE

Additional information

First Named insured

## Outline of coverage

**2009 H-D VRSCF**   Engine displacement: 1250 cc's
VIN  1HD1HPH129K801354

| | Limits | Deductible | Premium |
|---|---|---|---|
| Liability To Others | | | $96 |
| Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
| Property Damage Liability | $50,000 each accident | | |
| Pedestrian First Party Benefits | $5,000 per person | | 2 |
| Uninsured Motorist - Nonstacked | $25,000 each person/$50,000 each accident | | 42 |
| Underinsured Motorist - Nonstacked | $25,000 each person/$50,000 each accident | | 86 |
| Medical Payments | $10,000 each person | | 338 |
| Comprehensive | Total Loss | $100 | 88 |
| Collision | Total Loss | $500 | 367 |
| Accessory Coverage | $3,000 | | included |
| Roadside Assistance | | | 10 |
| **Total 12 month policy premium** | | | **$1,029** |

Form 6489  PA (07/07)

## Premium discounts

| Policy | |
|---|---|
| 85636994-0 | home owner, transfer and paid in full |
| Driver | |
| ALFRED F SEIPLE | safety course, responsible driver and motorcycle endorsement |
| Vehicle | |
| 2009 H-D VRSCF | anti-theft device |

## Penalty for insurance fraud

Any person who knowingly and with intent to injure or defraud any insurer files an application or claim containing false, incomplete or misleading information shall, upon conviction, be subject to imprisonment for up to seven years and payment of a fine of up to $15,000.

## Important information about Accessories on your motorcycle/off-road vehicle

Coverage for physical damage to your motorcycle/off-road vehicle extends only to the vehicle as it comes from the factory. Accessories added on at the dealership or by an individual, and therefore not provided as original equipment by the manufacturer, are not considered part of the vehicle as delivered from the factory. If you have purchased comprehensive or collision coverage, we provide up to $3000 of accessory coverage at no additional charge to you Please review the value of the accessories on your vehicle. Should you wish to purchase coverage for more accessories, additional accessory coverage is available at very reasonable rates.

## Company officers

President

Secretary

Case ID: 130302190

EXHIBIT D

## UNDERINSURED COVERAGE LIMITS

By signing this waiver, I am rejecting stacked limits of underinsured motorist coverage under the policy for myself and members of my household under which the limits of coverage available would be the sum of limits for each motor vehicle insured under the policy. Instead, the limits of coverage that I am purchasing shall be reduced to the limits stated in the policy. I knowingly and voluntarily reject the stacked limits of coverage. I understand that my premiums will be reduced if I reject this coverage.

..............................................................................
**Signature of First Named Insured**

12/21/09

..............................................................................
**Date**

Form 8058 (06/00)

EXHIBIT E

THE RANDOLPH INSURAN
1151 S. TROOPER RD B
NORRISTOWN, PA 19403


*PROGRESSIVE*

**Policy number: 85636994-0**
Underwritten by
Progressive Northern Insurance Co
November 25, 2010
Policy Period: Dec 21, 2009 - Dec 21, 2010
Page 1 of 3

ALFRED F SEIPLE
1024 INGRAMS WAY
TELFORD, PA 18969

**610-635-1128**
THE RANDOLPH INSURAN
Contact your agent for personalized service

**progressiveagent.com**
Online Service
Make payments, check billing activity, update
policy information or check status of a claim

**800-274-4499**
To report a claim

# Motorcycle Insurance Coverage Summary
## This is your Declarations Page
## Your policy information has changed

Your coverage began on December 21, 2009 at the later of 12:01 a.m. or the effective time shown on your application. This policy period ends on December 21, 2010 at 12:01 a.m.

This coverage summary replaces your prior one. Your insurance policy and any policy endorsements contain a full explanation of your coverage. The policy limits shown for a vehicle may not be combined with the limits for the same coverage on another vehicle, unless the policy contract or endorsements indicate otherwise. The policy contract is form 5979 PA (08/08). The contract is modified by form 2246 PA (02/06).

## Policy changes effective November 24, 2010

| | |
|---|---|
| Changes requested on | Nov 24, 2010 11:55 a.m. |
| Requested by: | CONNIE FROM THE RANDOLPH INSURAN |
| Premium change: | $116.00 |
| Changes: | The 2010 Triumph Speed Triple has been added The vehicle information for the 2010 Triumph Speed Triple has changed A multi-vehicle discount has been added to your policy. |

## Underwriting Company

Progressive Northern Insurance Co
P.O. Box 6807
Cleveland, OH 44101
800-876-5581

## Drivers and household residents

Additional information

ALFRED F SEIPLE                                First Named Insured

Continued

Case ID: 130302190